See Laws Ala. 13, 15, 18, 512.

JANUARY 1827.

Saltmarsh and Beck
v.
Evans.

---

## LOFTIN v. M'LEMORE.

Vendee of land, after special request to remove a nuisance which had been erected before he purchased, may maintain an action for continuing it.

THIS was an action on the case by Loftin against M'Lemore, in the Circuit Court of Montgomery county, for erecting and continuing a dam across a stream running through the plaintiff's land, by which the plaintiff's timber was killed and destroyed, and his land injured, &c. which dam plaintiff requested defendant to remove, and which he contined to keep across the stream, notwithstanding such request. General issue, verdict and judgement for the defendant. On the trial the Judge instructed the jury, that if the nuisance was proved to have been erected before the plaintiff became proprietor of the land injured thereby, a continuance of it after the possesion of the plaintiff was not such an injury as would sustain an action ; to which the plaintiff excepted and assigned this matter here as error.

GOLDTHWAITE, for plaintiff.

FITZPATRICK, for defendant in error.

The CHIEF JUSTICE delivered the opinion of the Court.

THE second count in the declaration, sets out a special

<p style="float:left">JANUARY 1827.<br>Foftin<br>v.<br>M'Lemore.</p>

request to remove the nuisance. The alienee of land sold subsequent to the erection of a nuisance, may maintain an action for continuing it after a special request to remove it. ⁕ The continuance is a new ground of action, without resorting to the period of time when it was first erected. The judgement must be reversed, and the cause must be remanded for further proceedings.

JUDGE CRENSHAW not sitting.

See 2 Selw. N. P. 1095 and the references.