[Lamb, Receiver, v. Roberts.]

# Lamb, Receiver, *v*. Roberts.

### Maintaining Nuisance.

(Decided May 18, 1916.   Rehearing denied June 30, 1916.
72 South. 309.)

1. **Railroads; Receivers; Nuisance; Knowledge.**—Where the receiver of a railroad had not created a nuisance, an action could not be maintained against him for maintaining the nuisance, unless he had notice or knowledge of the hurtful tendency of the nuisance, or had been requested to abate it, the same being a mere nonfeasance.

2. **Nuisances; Creation.**—One who erects or creates a nuisance is liable for its continuation if he has actual notice or knowledge of its hurtful tendency, even after he has parted with title and possession of the property; his grantee or licensee becomes liable only when they continue the nuisance after knowledge of its hurtful tendency, or notice or request to move it.

3. **Appeal and Error; Harmless Error; Pleading.**—Where the action was against a receiver of a railroad for maintaining a nuisance, the overruling of a demurrer to the complaint, the ground alleged being that it failed to allege that defendant had any notice or knowledge of the nuisance complained of, or had been requested to abate it, was not harmless error, since the ruling was to the effect that the scienter need not be proven, and that defendant would not be allowed to disprove it.

APPEAL from Clay County Court.

Heard before Hon. E. J. GARRISON.

Action by Mrs. M. L. Roberts against E. T. Lamb, as receiver of the Atlanta, Birmingham & Atlantic Railroad Company, for damages for maintaining a nuisance.   Judgment for plaintiff and defendant appeals.   Reversed and remanded.

Transferred from the Court of Appeals.

MERRILL & CORNELIUS, for appellant.   RIDDLE, BURT & RID-DLE, for appellee.

MAYFIELD, J.—The action is to recover damages for the maintaining of a nuisance.   The amended complaint consisted of but one count, which declared as for maintaining a nuisance, and not for creating it.   The original complaint declared for creating, as well as maintaining; and the amendment was evidently made to meet the evidence because the undisputed evidence showed that the only nuisance complained of, if such it was, was created many years prior to the defendant's connection or relation, as

receiver, with the defendant road, and was created by a predecessor in title to the railroad company of which defendant was receiver. Plaintiff's own evidence showed that the nuisance of which complaint is made was created in the year 1901, 1902, or 1903, when the railroad was being constructed by the Eastern Railway of Alabama, a predecessor in title even to the Atlanta, Birmingham & Atlantic Railroad Company, of which the defendant is receiver. The amended complaint declares solely as for the maintenance of a nuisance by the receiver from December 17, 1913, to December 17, 1914. The actionable wrong alleged is as follows: "Plaintiff further avers that she suffered said injuries and consequent damages as a proximate consequence of the defendant's wrongs in this, the defendant as such receiver wrongfully maintained said pool of water in the condition the same was in, as aforesaid, during the time complained of."

The amended complaint was demurred to on the ground, among many others, that the complaint failed to allege that defendant had any notice or knowledge of the nuisance complained of, being so maintained by him as such receiver, or that he had notice or knowledge of the hurtful tendency of the nuisance, or that any request or demand had ever been made on the defendant to abate the nuisance.

(1) The trial court overruled the demurrer, thereby holding that no allegation of scienter was necessary to support the action as for maintaining the nuisance. In this ruling the trial court was in error. In the case of *Crommelin v. Coxe*, 30 Ala. 318, s. c., 68 Am. Dec. 120, a complaint similar to this was tested by demurrer; and the trial court in that case, as in this, held the count complained of sufficient, but on appeal the case was reversed, and the court, speaking through STONE, J., said: "The second ground of demurrer is well taken. For continuing a nuisance by omitting to reform it, a mere nonfeasance, where the continuance implies no action, we are satisfied no action can be maintained, unless the party owning the property have notice or knowledge of the hurtful tendency of the nuisance, or be requested to abate it. —*Penruddock's Case*, Coke's Rep. 5th part, page 101; *Beswick v. Cumden*, Cro. Eliz. 520; *Pierson v. Glean*, 14 N. J. Law, 36 [25 Am. Dec. 497]; *Loftin v. McLemore*, 1 Stew. 133."

(2) This case followed an older case cited above in 1 Stew. 133, and from it there has never been any departure. In fact, as is pointed out by Mr. Freeman, in his note to *Leahan v. Cochran*,

[Lamb, Receiver, v. Roberts.]

178 Mass. 566, 60 N. E. 382, 53 L. R. A. 891, reported in 86 Am. St. Rep. 506, there is at present but one court—that of Michigan —which holds that an allegation of scienter is unnecessary in a complaint for maintaining a private nuisance, as distinguished from creating, or creating and maintaining. As pointed out by Mr. Freeman in the note above mentioned, the Michigan case seems to stand alone, since the New York decisions were departed from by that court. While the argument in the Michigan case (*Caldwell v. Gale,* 11 Mich. 77) and in the earlier but overruled New York cases is not, at first glance, without force, yet as has been since pointed out by annotators, text-writers, and some opinions, the fallacy of those decisions was in grounding or basing the liability as for a nuisance upon the ownership or control of the premises on which the nuisance is located or situated, instead of upon some wrongful act in creating or continuing it with knowledge of its hurtful tendencies. One who erects or creates a nuisance is liable for its continuance, with actual knowledge or notice of its hurtful tendencies, even after he has parted with the title and possession. He is the author of the original wrong, and in parting with the premises with the wrong still existing, he is treated as affirming the continuance of it. Note to 86 Am. St. Rep. 510, and cases cited. The rule is thus stated in this note: "One who creates a nuisance on his own land cannot escape responsibility for it by conveying or letting the property to another. And his grantee or his lessee does not become liable for the nuisance merely by suffering it to remain. Though they own or occupy the premises, they become liable for the nuisance only when they continue it after knowledge of its hurtful tendencies, or after notice or request to remove it.— *Eastman v. Amoskeag Mfg. Co.,* 44 N. H. 143, 82 Am. Dec. 201; *East Jersey Water Co. v. Bigelow,* 60 N. J. Law, 201, 38 Atl. 631; *Timlin v. Standard Oil Co.,* 126 N. Y. 514, 27 N. E. 786, 22 Am. St. Rep. 845; *Wunder v. McLean,* 134 Pa .334, 19 Atl. 749, 19 Am. St. Rep. 702."

The real basis of the liability for consequences flowing from the maintenance of a nuisance by the reeciver from December 17, does not depend upon the ownership or possession of the premises in which it is located. It is the wrongful act of creating it, with or without knowledge or notice of its injurious tendencies, which fixes liability. The rule on the subject has been well stated by Mr. Joyce, in his recent work on Nuisances, in line with the

decisions of this and other courts. He says: "It is not necessary that notice be given to the erector or creator of a nuisance, or that he be requested to abate the same before action is brought, although it is held that, except in cases of nuisances per se, a nuisance cannot be summarily abated by a municipality except upon notice and an opportunity to be heard. *  *  *"—Section 455.

"A different rule from that which governs notice to an erector of a nuisance prevails, however, as to a subsequent holder by purchase or descent, and where such party did not create an existing nuisance or the source thereof, but it was created prior to the time he acquired his title or interest, notice, or a request or demand to reform, abate, or remove it, must be given him, and it is a prerequisite or condition precedent to maintaining an action against him to abate, or for damages. *  *  *"—Section 456.

"Although a lessee with actual notice, or other person not the creator of a nuisance, may be liable if he has knowledge of its existence, and continues it, still it is also held that knowledge of the existence of a nuisance is not equivalent to a request to abate. And one's knowledge must be of such a character as to charge him with notice that a nuisance exists. *  *  *  "—Section 457.

In notes to these sections will be found many cases on the subject.

(3) The overruling of the demurrer to the complaint cannot be said to have been error without injury. Such ruling was to hold that notice or knowledge of the nuisance or of its hurtful tendencies was not a fact in issue, that the scienter need not be proven, and that defendant would not be allowed to disprove it. Proof of a material and necessary fact to support an action without an allegation of such fact, is as impotent as the allegation thereof, without proof. In 4 Campb. 198, Lord Ellenborough directed a nonsuit, because the evidence was not sufficient to warrant the jury in inferring that the defendant knew the dog was accustomed to bite. In a like case, Lord Abinger nonsuited because it did not appear that the owner had knowledge of the vicious propensity of his dog.—7 Car. & P. 755. In 3 Salk. 12, the reporter says: "The plaintiff declared that the defendant kept a bull, which used to run at men, but did not say sciens or scienter; and this was adjudged ill after a verdict, because the

[Alabama Great Southern Railroad Co. v. Loveman Compress Co.]

action will not lie unless the owner knew the quality of his bull, and it cannot be intended that this was proved at the trial, because the plaintiff is not bound to prove more than is laid in his declaration."—*State v. Donohue,* 49 N. J. Law, 550, 10 Atl. 150, 60 Am. Rep. 652.—7 Mayf. Dig. 700.

It is unnecessary to treat the other assignments insisted upon, as the question may not arise on another trial.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.