14020

JOHNSON *ET AL.* v. GROCE

(179 S. E., 39)

*Mr. Horace L. Bomar,* for appellant,

Mr. E. W. Johnson, for respondent

March 20, 1935.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action by E. W. Johnson and George Dean Johnson, as plaintiffs, against J. E. Groce, as conservator-receiver of Lyman Savings Bank, defendant, commenced in the Court of Common Pleas for Spartanburg County, June 21, 1934, is a suit for the recovery of the statutory penalty for usury. The matter was heard by his Honor, Judge T. S. Sease, on a demurrer to the complaint, filed by the defendant, alleging that the complaint did not state facts sufficient to constitute a cause of action. His Honor, Judge Sease, after hearing argument and upon consideration, overruled the demurrer and the case now comes before this Court on appeal by the defendant from the order of Judge Sease overruling the demurrer in the cause.

For the purpose of a clear understanding of the questions involved, we quote herewith. Omitting formal parts, the plaintiff's complaint and the demurrer filed by the defendant:

"1. That Lyman Savings Bank is a banking corporation under the laws of this State, with its principal place of business at Lyman in this county, where it conducted a banking business until the ―― day of ―――, 1933, when its liquidation was ordered by the Board of Bank Control and the defendant, J. E. Groce, appointed and qualified as Conservator-Receiver, who is now acting as such: that this action is commenced with the consent of the Governor.

"2. On March 15, 1921, Dora J. Johnson made and delivered her promissory note of which the following is a copy:

" '$1,000.00                                    Spartanburg, S. C.,
                                                    March 15, 1921.

" 'Nov. 15, 1921, (fixed) after date, I promise to pay to the order of Miss Elma Jetter One Thousand Dollars, value received, negotiable and payable at the Central National Bank of Spartanburg, S. C., with interest after maturity at the rate of eight per cent. per annum, discount by the bank at eight per cent. being authorized. In case of suit or collection by attorney, I also agree to pay ten per cent. attorney's commissions.

                                        Dora J. Johnson.'

"On the same day, she secured the payment of the note by the execution to the payee of a mortgage of a house and lot on the north side of Harris Place in the City of Spartanburg, the mortgage being recorded in Book 122, Page 277.

"3. That, as plaintiffs are informed and believe, the note and mortgage were assigned to Central National Bank prior to its maturity, and that bank collected and received as interest thereon discount at the rate of eight per cent. in advance every six months up to about August 4, 1924, when it assigned the note and mortgage to Lyman Savings Bank.

"4. That, since it purchased the said note and mortgage, Lyman Savings Bank exacted, collected and received as interest thereon discount at the rate of eight per cent. in advance every six months up to February 6, 1931, and, thereafter, every ninety days to July 3, 1932, the sums received in respect of interest being collected in advance as discount and being the following: $40.00, August 18, 1924; $40.00, February 3, 1925; $40.00, August 18, 1925; $40.00, February 18, 1926; $40.00, August 18, 1926; $40.00, February 16, 1927; $40.00, August 8, 1927; $40.00, February 12, 1928; $40.00, August 8, 1928; $40.00, February 11, 1929; $40.00, August 20, 1929; $40.00, February 11, 1930; $40.-

00, August 8, 1930; $20.00, February 13, 1931; $20.00, May 4, 1931; $20.00, August 6, 1931; $20.00, November 4, 1931; $20.00, January 4, 1932; $20.00, April 4, 1932; $20.00, October 1, 1932.

"5. That Dora J. Johnson died in Spartanburg County on the —— day of———, 193—, leaving a will, which was duly admitted to probate, whereby she devised her real estate to her son, D. T. Johnson, and her grandsons, the plaintiffs, ——— two-thirds to the son, and one-third to the grandsons, to be taken in equal shares between them, the said son and grandsons being not only her only real devisees but also her only heirs; that, in settlement of the estate, the plaintiffs became the owners of the mortgaged property on Harris Place and assumed the payment of the mortgage debt, and made the payments after the death of Dora J. Johnson, finally paying off the note and mortgage in full.

"6. That the payments exacted and received in respect of interest by Lyman Savings Bank were usurious, in that they were demanded and received in advance every six months for a time, and every ninety days for a time, and these plaintiffs having the sole interest in the mortgaged property and the mortgage debt, and being devisees and heirs of the original maker, are entitled to recover back from the defendant double the amount of the sums collected and received by it in respect of interest on said note.

"Wherefore, They pray judgment against the defendant for Thirteen Hundred and Twenty ($1,320.00) Dollars and costs."

### DEMURRER

"1. The Complaint does not state facts sufficient to constitute a cause of action against the defendant, for the reason that it appears from the note itself that there was an agreement in writing for eight per cent. discount by the Central National Bank and also by the Lyman Savings Bank as assignee thereof.

"2. The Complaint does not state facts sufficient to constitute a cause of action against the defendant, for the reason that the statute law of South Carolina under which plaintiffs are seeking to recover a judgment herein in the nature of a penalty for alleged violation of usury laws does not apply to the Receiver or the Conservator-Receiver of a state banking institution. The Complaint does not allege any usurious interest was ever paid by the plaintiffs, or either of them, to the defendant."

It is the contention of the appellant, as set forth in his exceptions, that the Circuit Judge erred in not sustaining the first ground of the demurrer "for the reason that the note sued upon provides for interest after maturity to be paid to the bank on a discount basis; and there was, therefore, no usury."

It is true the Court recognizes as legal the collection of interest in advance if the written obligation contains a provision to that effect; but in the absence of a provision to that effect such collection is not permissible under the law, and it may, under certain circumstances, amount to a violation of the usury law. It is the contention of the appellant that in view of the provision in the note involved in the case at bar the holder of the same had the right to collect the interest in advance. By reference to the wording of the note (quoted above) it will be observed that the same contains a clause as follows: "With interest after maturity at the rate of eight per cent. per annum, discount by the bank at eight per cent. being authorized." But the trouble with appellant's position is that, according to the allegations of the complaint, interest was collected not annually in advance but semiannually and quarterly in advance. The plaintiffs allege in this connection that the note and mortgage were assigned to the Central National Bank prior to the note's maturity and that the bank collected and received as interest thereon discount at the rate of 8 per cent. in advance every six months up to August 4, 1924,

when it assigned the note and mortgage to Lyman Savings Bank, and that since the purchase of said note and mortgage by Lyman Savings Bank, the said Lyman Savings Bank exacted, collected, and received as interest thereon discount at the rate of 8 per cent. in advance every six months up to February 6, 1931, and thereafter every ninety days to July 3, 1932. While the note, above quoted, provides interest after maturity at the rate of 8 per cent. per annum and discount by the holder at 8 per cent. is authorized, such discount is authorized only annually and is not authorized to be made semiannually or quarterly. Therefore, exacting, collecting, and receiving the interest as alleged, by way of discount, at the rate of 8 per cent. in advance every six months for a certain period of time and thereafter every ninety days for a certain period of time, amounts to usury under the laws of this State. In this connection we call attention to Section 6740, Code of South Carolina, 1932, and, also, call attention to the case of *Schlosburg v. Bluestein et al.,* 150 S. C., 311, 148 S. E., 60, in which the question involved herein was fully discussed in the Master's report and, also, in the decree of the Circuit Judge who heard the case on the circuit. This Court affirmed the judgment of the lower Court. We therefore think that the Circuit Judge was right in overruling appellant's first ground of demurrer.

The defendant's second exception alleges error on the part of the Circuit Judge in not sustaining the second ground of the demurrer under which the defendant-appellant contends that the alleged violation of the usury laws does not apply to the receiver or conservator-receiver of a state banking institution and, further, that the complaint does not allege any usurious interest was paid by the plaintiffs to the defendant.

We fail to find any allegation in the complaint that the defendant, J. E. Groce, as conservator-receiver of Lyman Savings Bank, was paid any usurious interest by the plaintiffs, or either of them, and we, therefore,

think that the second ground of the demurrer should have been sustained, it being, in our opinion, necessary to show that such receiver received usurious interest in order to obtain a judgment against him in the cause. It seems to be conceded by counsel for appellant and counsel for the respondents that this exact question has not been before the Courts of this State before, but the question has been considered by the Courts of other jurisdictions. In this connection we call attention to the following cases: *Crawford v. Gordon* (Seattle Railroad Co.) 88 Wash., 553, 153 P., 363, L. R. A., 1916-C, 516; *Union Trust Co. v. Curtis,* 182 Ind., 61, 105 N. E., 562, L. R. A., 1915-A, 699; *Bush, Receiver, v. Stephens,* 131 Ark., 133, 197 S. W., 1157, L. R. A., 1918-A, 1133, Ann. Cas., 1918-E. 259; *Lamb v. Roberts,* 196 Ala., 679, 72 So., 309, L. R. A., 1916-F, 1020; *State of Oklahoma v. Texas,* 265 U. S., 505, 44 S. Ct., 604, 68 L. Ed., 1152. In our opinion a receiver-conservator, as such receiver-conservator, should not be held liable under the allegations of the complaint in the case, and the second ground of the demurrer is, therefore, sustained, with the right, however, to the plaintiffs to amend the complaint, if so advised, within twenty days after the filing of the remittitur in the lower Court, alleging that the defendant received alleged usurious interest. We wish to further state in this connection that, in our opinion, the following authorities, R. C. L., 679, R. C. L., 641, 23 R. C. L., 46, and 53 C. J., 329, to which our attention has been called, do not control the case.

It is, therefore, the judgment of this Court that the first exception, relating to the first ground of the demurrer, be and the same is hereby overruled, and that the second exception, which relates to the second ground of the demurrer, be and is hereby sustained, and that the case be and is hereby remanded to the lower Court for the purpose of carrying out the views herein expressed.

Messrs. Justices Stabler and Bonham, and Messrs. Acting Associate Justices Dennis and C. J. Ramage concur.