## ADELIA HILL v. JAMES SMITH.

NEW TRIAL.—A new trial should not be granted on the ground that the verdict is against evidence, unless the verdict is so clearly against evidence as to leave no room for doubt.

INJURY TO WATER USED FOR MINING.—Where a large number of persons are mining on a small stream, and each deteriorates the water a little, so that the combined acts of all render the water unfit for use, each cannot successfully defend an action on the ground that his act alone did not materially affect the water.

APPEAL from the District Court, Fourteenth Judicial District, Placer County.

This was a second appeal in the same case. The first is reported in 27 Cal. 476, where the main facts are stated.

The other facts are stated in the opinion of the Court.

*C. A. Tuttle,* for Appellant.

*Jo. Hamilton,* for Respondent.

By the Court, SAWYER, J. :

The law applicable to the case appears to us to have been correctly stated to the jury at the last trial, and the only ground that can be plausibly urged against the verdict is, that the evidence is insufficient to sustain it. That the quality of plaintiff's water was materially deteriorated in consequence of the sediment and tailings thrown into it by parties washing in the cañon above, and from other causes, is clear from the evidence. The defendant's claims were from two thousand to two thousand five hundred feet, or nearly half a mile, above the head of plaintiff's ditch. Defendant had a bed for his tailings on a flat in the side of the ravine, where, by means of a log dam, he confined them so as to prevent their running into the cañon. There is much testimony as to the effect of defendant's working upon the water, tending to show that it did not in any material degree deteriorate its quality, and further tending to show that the deterioration complained of was really produced by the mining of other parties, and by other causes. Upon this testimony there is room for doubt whether the mining of the defendant produced any material injurious effect upon the water, and the jury found the issue for the defendant. We are not very well satisfied with the verdict on this point, yet it is not so clearly against the evidence as to justify us in setting it aside. It is the second verdict for defendant upon substantially the same general evidence, although it is brought out somewhat more clearly in his favor than on the first trial. The damage, if any, resulting from defendant's acts alone, may not have been large, but if there was any damage in consequence of the defendant's mining, the plaintiff ought to have recovered. Where there is a large number of persons mining on a small stream, if each should deteriorate the water a little, although the injury from the

act of one might be small, the combined result of the acts of all might render the water utterly unfit for further use; and if each could successfully defend an action on the ground that his act alone did not materially affect the water, the prior appropriator might be deprived of its use, and at the same time be without a remedy. While we do not feel justified in setting aside the verdict, the circumstances of the case appear to us to call for these suggestions.

Judgment and order denying new trial affirmed.

SANDERSON, J., dissenting :

I dissent.

Mr. Chief Justice CURREY did not express any opinion.