# CASES

## ARGUED AND DETERMINED

### IN THE

# United States Circuit and District Courts.

---

CENTRAL TRUST Co. and another *v.* WABASH, ST. L. & P. RY. Co. and others.[1]

*(Circuit Court, E. D. Missouri.* September 24, 1885.)

1. RESTRAINING ORDER TO PROTECT TRESPASSERS.

   This court will not protect a naked trespasser in his trespass by a restraining order.

2. PROVISIONAL INJUNCTION—EX PARTE APPLICATION WITHOUT NOTICE — PRACTICE.

   *Semble,* that where an *ex parte* application for a provisional injunction is made without notice to the other party, the injunction will not be granted unless it is shown by affidavits or otherwise that if the injunction is not granted irreparable mischief will happen before hearing can be had on notice given.


In Equity.

Motion to dissolve restraining order against D. R. Francis, mayor of the city of St. Louis, and others, in the matter of the St. Louis Transfer Company. The order restrained the mayor of St. Louis, and others, from tearing up certain tracks which, as it now appears, have been wrongfully laid by the receivers of the Wabash, St. Louis & Pacific Railway Company on land dedicated to public use as a street.

*Solon Humphreys, Thos. C. Tutt, W. H. Blodgett,* and *H. S. Priest,* for receivers.

*Leveritt Bell,* for D. R. Francis.

*Hitchcock, Madill & Finkelnburg,* for the St. Louis Transfer Co. and another.

TREAT, J., *(orally.)* This case stands before the court at present in this attitude: that this property having been dedicated to public

---

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

use, the party complainant, on the tenth of July last, suddenly took possession thereof, and really occupies no other position than that of a naked trespasser, invoking the aid of the court to protect him in his trespass. Certainly that is not the province of an equity tribunal. The dedication is sufficient either under the statutory requirements or under the ordinary rules of law for such purposes. Here was this property, a continuation (evidently so designed) of Main street. Complainant's original track would cross Main street, and to prevent obstruction of that street in that direction the dedication was made.

I wish to say, and I have the full concurrence of my brother BREWER, that these *ex parte* applications which are made to the court without notice to the other party should be considered as exceptions to the general rule. Prior to the recent statute the courts did not grant a provisional injunction except on notice had, whereby both parties might be heard. This case serves to illustrate. A party comes before the court and states that irreparable mischief will ensue—and it so appeared to the court in this case—by interrupting its action as a railroad, by tearing up its tracks, etc.; consequently it was necessary that a provisional order should be had to prevent that sort of action until the motion could be formally heard upon notice. The court was bound to act in the matter, and it did so act. Now, it turns out that the plaintiff, so far as the case has developed, has no footing whatsoever to stand upon. Therefore, as far as the matter of practice hereafter is to be concerned, the exception must be established by affidavits or otherwise, so as to show that irreparable mischief will happen, before hearing can be had on notice given.

The injunction heretofore granted is dissolved, and the provisional injunction asked for is denied. The party may proceed to final hearing, or take such other course as he deems advisable.