FREDERICK EULER, trading as C. A. EULER & SON *vs.*
MARY C. SULLIVAN.

*Nuisance—Smoke and Cinders—Action for Damages—Miss-
leading instruction.*

In a action for damages to property caused by the smoke, steam, and
cinders from defendant's chimney, the Court instructed the jury
on the part of the plaintiff, that if the defendant erected a boiler
and engine near to the house and lot of the plaintiff, and smoke,
steam, and cinders escaped from the chimney of the defendant,
connected with said boiler, and entered the premises of the
plaintiff "to such extent as to render her house and premises
less comfortable, enjoyable, or useful than they otherwise would
have been, then the plaintiff is entitled to their verdict."
HELD:

That such instruction was too general, and was misleading.

To entitle the party injured to recover in such action, it must be
shown that the injury complained of, is of a character to
diminish materially the value of the property, or seriously to
interfere with the ordinary comfort and enjoyment of it.

The fact that the plaintiff's dwelling was situated in a locality
where there were other factories, in addition to that of the
defendant, the smoke, steam, and cinders from which inter-
mingled with the smoke and cinders from the defendant's factory,
will not defeat the plaintiff's right to recover.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER,
ROBINSON, BRYAN, FOWLER, McSHERRY, and BRISCOE, J.,
for the appellant, and submitted on brief for the appel-
lee.

*C. Dodd McFarland,* (with whom was *Peter J. Camp-bell,* on the brief,) for the appellant.

*Henry D. Loney,* and *W. H. Cowan,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This is an action for damages brought by the appel-lee against the appellant for a nuisance.  The defend-ant, at the trial, reserved one exception, and that was to the granting of the plaintiff's prayer, and to the rejec-tion of two prayers offered on his part.  The evidence on the part of the plaintiff shows, that she is the owner of a lot of ground 15x58 feet, which is improved by a brick dwelling, fronting on Little Paca street and run-ning back to Burgundy alley, in Baltimore City, which is used by her as a store and a dwelling; that the defend-ant owns the property adjoining thereto, which he uses for the purposes of a paper box factory; that on defend-ant's premises there is an engine, boiler, and smoke stack, the latter being about a foot and a half from plaintiff's house; that she rented out rooms in her dwel-ling, and also kept a shop in a part of it; that the arti-cles which she kept in her shop were rendered unsaleable, and the rent of her dwelling was diminished by the smoke, steam, and cinders from defendant's chimney.

And the evidence on the part of the defendant shows that there are other steam engines, boilers and smoke stacks in factories located near this dwelling; that smoke, steam, and cinders were emitted from these fac-tories and mingled with the smoke from the chimney of his factory; that a cold storage factory has two large boilers and engines situated about 70 feet from this dwelling; that the defendant has a small engine and boiler, and kept them in a good condition; that he used his engine in the usual and ordinary way, and did not cause the smoke, steam, and cinders to be emitted in an

unreasonable manner from his premises, so as unnecessarily to injure the plaintiff.

Upon this state of facts the Court below granted the following instruction on the part of the plaintiff: "If they find from the evidence that the defendant erected a boiler and engine near to the house and lot of the plaintiff, and that smoke, steam, and cinders escaped from the chimney of the defendant connected with the said boiler; which smoke, steam, and cinders entered the premises of the plaintiff in such quantity or to such extent as to render her house and premises *less* comfortable, enjoyable, or useful than they otherwise would have been, then the plaintiff is entitled to their verdict." There were two prayers offered by the defendant, which we will consider hereafter. Does, then, the instruction given by the Court on the part of the plaintiff correctly define the law, as applicable to this case? In the recent case of the *Susquehanna Fertilizer Co. vs. Malone,* 73 *Md.,* 276, this Court said, that "no principle is better settled than that where a trade or business is carried on in such a manner as to interfere with the *reasonable* and *comfortable* enjoyment by another of his property, or which occasions material injury to the property itself, a wrong is done to the neighboring owner, for which an action will lie," *(vide* cases there cited). But all of the authorities hold that the injury must be of a character to diminish *materially* the value of the property or seriously interfere with the ordinary comfort and enjoyment of it, such as would entitle the party injured to substantial damages. *Adams vs. Michael,* 38 *Md.,* 123. And in the case of *Dittman and Berger vs. Repp,* 50 *Md.,* 522, this Court held, that in determining the question of nuisance from smoke or noxious vapor, reference must always be had to the locality, the nature of the trade, the character of the machinery, and the manner of using the property producing the annoyance and injury com-

plained of. A party dwelling in the midst of a crowded commercial and manufacturing city cannot claim to have the same quiet and freedom from annoyance, that he might rightfully claim if he were dwelling in the country. Every one taking up his abode in the city must expect to encounter the inconveniences and annoyances incident to such community, and he must be taken to have consented to endure such annoyances to a certain extent.

Applying, then, these well settled legal principles to the facts of this case, we are of opinion that there was error in the general legal proposition asserted in the appellee's prayer, that the jury must find for the plaintiff, if the injury complained of rendered her premises *less* comfortable, enjoyable or useful than they otherwise would have been. The prayer was entirely too general, and was misleading. As was said in the case of *Dittman and Berger vs. Repp :* "The question is whether the nuisance complained of will or does produce such a condition of things as, in the judgment of reasonable men, is naturally productive of actual physical discomfort to persons of ordinary sensibilities and of ordinary tastes and habits, and as, in view of the circumstances of the case, is unreasonable and in derogation of the rights of the complainant." The law in these cases does not regard trifling inconveniences and annoyances. We think there was error in the Court's granting the plaintiff's prayer, and for this reason the judgment will be reversed and a new trial awarded. We find no error in the Court's refusal to grant the defendant's first and second prayers. They both proceed upon the erroneous assumption that the plaintiff could not recover, if the wrong complained of was committed by another jointly with the defendant. The first prayer directs that if the dwelling of the plaintiff is situate in a locality where there are other factories, in addition to the factory of the

defendant, which use steam power, and emit smoke and cinders, which intermingles with the smoke and cinders from the defendant's factory, fills the air of the locality of the dwelling of the plaintiff, and that the plaintiff's dwelling is not injured by vibration or noise caused by the working of the engine or machinery on the premises of the defendant, then the jury must find for the defendant.

And the third prayer directs that if the defendant conducted his paper box factory in a fair, reasonable way, and erected it in a locality where there are other factories using machinery and steam power similar to the factory operated by the defendant, then the plaintiff is not entitled to recover damages for any discomfort or annoyance which may arise from the ordinary use and operation of the engine and machinery on the premises of the defendant.

It will at once be seen that the theory of these two prayers is entirely at variance with the law laid down by this Court in *Woodyear vs. Schaefer*, 57 *Md.*, 9, 10 *and* 11, and in *Susquehanna Fertilizer Company vs. Malone*, 73 *Md.*, 268. In the former of these cases this Court said : "It is no answer to a complaint of nuisance that a great many others are committing similar acts of nuisance upon the same property. Each and every one is liable to a separate action. Each element of contributory injury is a part of one common whole, and to stop the mischief of the whole, each part in detail must be arrested and removed." And in the latter case, it is held, "that in the eye of the law, no place can be convenient for the carrying on of a business which is a nuisance, and which causes substantial injury to the property of another. Nor can any use of one's own land be said to be reasonable, which deprives an adjoining owner of the lawful use and enjoyment of his property." And this, too, without regard to the locality where such

business is carried on; and although the business may be lawful, and useful to the public, and the best and most approved appliances and methods may be used in its conduct and management.

*Judgment reversed, and*
*new trial awarded.*