PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS
RAILWAY COMPANY *v.* TOWN OF
CROTHERSVILLE ET AL.

[No. 19,746.    Filed October 17, 1902.]

NUISANCE.—*Abatement.*—*Injunction.*—*Complaint.*—On the ground that he who comes into a court of equity must come with clean hands, the plaintiff in a suit to enjoin the abatement of stock-pens as a public nuisance must allege and prove that the stock-pens were not a public nuisance, although the defendants were without authority to abate such nuisance.    *p. 332.*

TRIAL.—*Practice.*—*Burden of Proof.*—*Opinion of Court.*—A motion by plaintiff that the court rule that the burden of proof is upon the defendant furnishes no ground for an exception.    *pp. 332, 333.*

NUISANCE.—*Abatement.*—*Injunction.*—*Burden of Proof.*—In a suit by a railroad company to enjoin the abatement of stock-pens as a public nuisance, the burden of proof is on the plaintiff to show that the stock-pens, as maintained, were not a nuisance.  *p. 334.*

SAME.—*Similar Nuisances in Same Vicinity.*—One who maintains a public nuisance is not justified or excused because others in the same vicinity maintain similar nuisances.  *p. 334.*

From Jackson Circuit Court;  *T. B. Buskirk*, Judge.

Suit by the Pittsburgh, Cincinnati, Chicago and St. Louis Railroad Company against town of Crothersville and others to enjoin the abatement of an alleged nuisance. From a decree for defendants, plaintiff appeals. *Affirmed.*

*S. Stansifer, J. F. Applewhite, Ralph Applewhite* and *M. Z. Stannard,* for appellant.

*J. A. Cox* and *O. H. Montgomery,* for appellees.

MONKS, J.—It appears from the record that appellees, the town of Crothersville, its board of health and marshal, were taking steps and threatening to remove appellant's stock-pens in said town, on the ground that they were a public nuisance, and that this suit was brought to enjoin them from doing so.  The complaint was in three paragraphs, the second and third of which were held by the court insufficient on demurrer for want of facts.  Appellees filed a general denial to the first paragraph.  The court heard the case, made a special finding of the facts, stated conclusions of law thereon in favor of appellees, and rendered final judgment against appellant.

It is first insisted by appellant that the court erred in sustaining appellee's demurrer to the second and third paragraphs of complaint.

Appellant's second paragraph of complaint proceeded upon the theory that, as there was a vacancy in the board of trustees of the town of Crothersville, the acts of the remaining trustees, acting as a board of health, in declaring appellant's stock-pens in said town, as maintained and used, a public nuisance, and in ordering the abatement of the same, were void, and that for this reason they could be en-

joined from abating them, even if they were a public nuisance.

The theory of the third paragraph was that there was no power delegated to the board of trustees of a town, as such, or as a board of health, to declare that said stock-pens were a public nuisance, and order the abatement thereof, or, if delegated, that such a law was in violation of the Constitution, and that therefore they could be enjoined, although the stock-pens, as maintained and used, were a public nuisance.

.It was shown in each of said paragraphs that it was claimed by appellees that said stock-pens, as maintained and used, were a public nuisance, and that the board of trustees of said town, claiming to act as a board of health, had so declared and ordered, and were threatening their removal for that reason.    The rule is that he who comes into equity must come with clean hands, or, as sometimes expressed, "He that hath committed iniquity shall not have equity." Fetter, Equity, 37-40; Bispham, Prin. of Eq. (6th ed.), 61, 62, 63; 11 Am. & Eng. Ency. Law (2d ed.), 162, 163.    To comply with this rule, in ·addition to the allegations in each of said paragraphs, facts showing that said stock-pens, as maintained and used, were not a public nuisance, should have been averred.    10 Ency. Pl. & Pr., 931, 932.    With the facts already averred in said paragraphs, such allegations were necessary to show that appellant was not in fault; that it came with clean hands.

One of the causes assigned by the appellant for a new trial was that the court erred in ruling that "the burden of proof was upon appellant to prove that the stock-pens were not a public nuisance."    It was alleged in the first paragraph of complaint upon which the trial was had, among other things, that the stock-pens, as maintained and used by appellant, were not a public nuisance, and the manner in which the same were maintained and used was specifically set forth.    A general denial was the only answer

filed by appellees.  After all of appellant's evidence in chief, except that in support of the allegation that the stock-pens were not a public nuisance, had been given, counsel for appellant stated to the court that he claimed "that the burden of proof on the question of whether or not the stock-pens were a public nuisance rested upon appellees, while appellees contended that it was upon appellant; and thereupon counsel for appellant moved the court to rule that the burden was upon the appellees, which motion the court overruled," on the ground that the burden of proof on the question of whether the stock-pens were or were not a public nuisance was upon appellant, after which appellant introduced its evidence in chief in support of the allegation in the complaint that the stock-pens were not a public nuisance.

This ruling of the court furnished appellant no ground for an exception, for the reason that there was nothing before the court for decision.  If counsel for appellant was correct in his contention that appellant's case was made out without any evidence in support of the allegation in the complaint that the stock-pens were not a public nuisance, and that the same was a matter of defense, appellees could not have given any evidence to show that they were a public nuisance, because no such defense was pleaded.  In such case it would seem that neither party was entitled to give any evidence on the question of nuisance.  If, however, counsel for appellant was correct in his contention that the question of whether or not the stock-pens were a public nuisance was an issue in the case, and the burden of proof as to such issue was on appellees, then he should have rested his case in chief without giving any evidence on that question; and, if appellees introduced any evidence on that issue, he should, after appellees had closed their evidence, have offered evidence to show that the same were not a public nuisance.  If the court refused to admit such evidence on the ground that the burden as to that question was upon ap-

pellant, and that the same was necessary to make out appellant's case, and should have been given in chief, an exception to such ruling, and the assignment of the same as a cause for a new trial would have saved the question. If this had been done, an assignment of error that the court erred in overruling appellant's motion for a new trial, would have presented the question in this court.

By the procedure adopted, appellant's counsel obtained the opinion of the court on the question, after which he acted in conformity therewith, instead of adhering to his own theory. The ruling of the court was the mere expression of an opinion which could properly have been refused, and was in reference to a question not then before the court for decision. It is the opinion of the court, however, that, under the issues joined in the cause, the burden was upon appellant to prove that the stock-pens, as used and maintained by it, were not a public nuisance.

During the progress of the trial the court refused to permit appellant to prove "the existence of hog-pens in the immediate vicinity of the stock-pens, and that they were kept in such a manner that stenches arose therefrom." There was no error in this ruling of the court. The fact that other persons were, at the time, maintaining similar nuisances in that vicinity, or that the nuisance was caused by appellant and others acting together or independently of each other, was not a matter of justification or excuse.

The acts of several persons acting together or independently of each other may constitute a nuisance, though the injury occasioned by the acts of any one would not have amounted to a nuisance. Gillett, Crim. Law (2d ed.), §643; 21 Am. & Eng. Ency. Law (2d ed.), 690 (7), 719 (10); 28 Am. & Eng. Ency. Law, 970, 971, and note 1; Wood, Nuisances (3d ed.), §§168, 169, 448, 449, 558, and notes; *Weston Paper Co.* v. *Pope,* 155 Ind. 394, 402, 56 L. R. A. 899; *Dennis* v. *State,* 91 Ind. 291; *City of Valparaiso* v. *Moffitt,* 12 Ind. App. 250, 54 Am. St. 522; *City*

*of New Albany* v. *Slider,* 21 Ind. App. 392, 395; *Rex* v. *Trafford,* 1 B. & Ad. 874; *Rex.* v. *Neil,* 2 C. & P. 485, 12 Eng. C. L. 690; *Thorpe* v. *Brumfitt,* L. R. 8 Ch. App. 650; *Blair* v. *Deakin,* 57 Law Times Rep. N. S., 522; *Crossley* v. *Lightowler,* L. R. 2 Ch. App. 478; *Hill* v. *Smith,* 32 Cal. 166; *Barrett* v. *Mount Greenwood, etc., Assn.,* 159 Ill. 385, 42 N. E. 891, 31 L. R. A. 109, 50 Am. St. 168; *Lookwood Co.* v. *Lawrence,* 77 Me. 297, 52 Am. St. 763; *Seeley* v. *Alden,* 61 Pa. St. 302, 306, 100 Am. Dec. 642; *Little Schuylkill, etc., Co.* v. *Richards,* 57 Pa. St. 142, 98 Am. Dec. 209; *Chipman* v. *Palmer,* 77 N. Y. 51, 33 Am. Rep. 566; *Sullivan* v. *McManus,* 19 Hun, App. Div., 167, 45 N. Y. Supp. 1079; *Comminge* v. *Stevenson,* 76 Tex. 642, 13 S. W. 556; *Harley* v. *Merrill, etc., Co.,* 83 Iowa 73, 48 N. W. 1000; *Euler* v. *Sullivan,* 75 Md. 616, 23 Atl. 845, 32 Am. St. 420; *Susquehanna Fertilizer Co.* v. *Malone,* 73 Md. 268, 20 Atl. 900, 9 L. R. A. 737, 25 Am. Rep. 595; *Hurlbut* v. *McKone,* 55 Conn. 31, 10 Atl. 164, 3 Am. St. 17; *Robinson* v. *Baugh,* 31 Mich. 290; *Meigs* v. *Lister,* 23 N. J. Eq. 199; *Ducktown, etc., Co.* v. *Barnes* (Tenn.), 60 S. W. 593; *Douglass* v. *State,* 4 Wis. 387.

It appears from the special finding that for more than thirty-five years prior to 1901, appellant, and those under whom it claimed, had maintained and kept stock-pens near the railroad track on real estate now included within the corporate limits of the town of Crothersville, which town was incorporated in 1892; that said stock-pens have been used by appellant and those under whom it claims for confining stock brought in by shippers for transportation over said railroad, and for loading and unloading said stock. At the time said pens were built, there were no residences near the same on the west, and only a few houses on the east; that since said pens were built, twelve dwelling houses and one church have been erected in the neighborhood of said pens. The affairs of said town of Crothersville were administered by a body of three trustees. On

October 10, 1900, there were only two members of said board of trustees; and they, acting as the board of health of said town, duly passed a resolution declaring the maintenance of said stock-pens by appellant to be a public nuisance endangering the public health and life, and ordered and required appellant to abate and remove the same on or before December 1, 1900. A copy of said resolution was duly certified and served upon appellant. On November 23, 1900, the state board of health approved said resolution. At the time of the commencement of this action, appellees were threatening to remove said pens on the ground that they were a public nuisance. The court stated as conclusions of law: (1) That "the maintenance of said stock-pens by appellant, in the manner and under the circumstances, created and caused the continuance of a public nuisance; (2) that appellant should take nothing in this action."

We have not stated the facts found as to the place, surroundings and the manner in which the stock-pens were kept by appellant; but it is sufficient to say that they clearly show that when this suit was commenced, and for three years or more prior to that time, the same were a public nuisance.

Appellant insists (1) that the two trustees had no power to act as a board of trustees or board of health until they appointed a trustee to fill the vacancy, as required by §4334 Burns 1901, §3312 R. S. 1881 and Horner 1901, and that the act of the two trustees in adopting the resolution served upon appellant was void; (2) that "no power, either expressly or by fair implication, is delegated to the board of trustees of a town, as such, as a board of health, to declare as in the resolution, or, if delegated, is in violation of the federal Constitution." The view we take of this case renders it unnecessary for us to determine either of these contentions of appellant.

It is a well settled maxim, that he who comes into equity must come with clean hands. Here appellant, under the facts found, seeks the aid of equity to enjoin the appellees from abating a public nuisance maintained by it, on the ground that they have no right to abate it. To grant such relief to appellant, who is maintaining the public nuisance, would be contrary to the well settled principles of equity. Fetter, Equity, 37-40; Bispham, Prin. of Eq. (6th ed.), 61, 62, 63; 1 Spelling, Inj. and other Extr. Rem. (2d ed.), §26; 11 Am. & Eng. Ency. Law (2d ed.), 162, 163; *Albertson* v. *Laughlin,* 173 Pa. St. 525, 34 Atl. 216, 51 Am. St. 777; *Unckles* v. *Colgate,* 148 N. Y. 529, 43 N. E. 59; *Cassady* v. *Cavenor,* 37 Iowa 300; *Central Trust ·Co* v. *Wabash, etc., R. Co.,* 25 Fed. 1; *Fairfield Floral Co.* v. *Bradbury,* 89 Fed. 393; *Board, etc.,* v. *O'Dell, etc., Co.,* 115 Fed. 574.

To grant appellant the relief prayed for under the facts found would be to aid it in maintaining a public nuisance, a crime under the laws of this State.

It follows that, even if appellant's contention that appellees had no authority to abate said public nuisance is correct,—a question we need not and do not decide,—the conclusions of law are not erroneous. Judgment affirmed.