PEOPLE, PLAINTIFF AND APPELLEE, v. ALMODÓVAR, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in a Prosecution for Violation of Section 162 of the Penal Code.

No. 969.—Decided April 28, 1916.

ELECTION LAW—SUPERVISOR OF ELECTIONS—REGISTRATION.—According to sections 13, 30, 31 and 32 of the Election Law, the supervisor of elections is especially authorized to conduct the elections under the direction of the Executive Council and exercises supervision over the lists of voters and subordinate officers, he being empowered to issue certificates of the registration of voters.

ID.—ID.—OFFICER OF GOVERNMENT—JUDICIAL NOTICE.—In Porto Rico the supervisor of elections is one of the principal officers of the Government within the meaning of section 36 of the Law of Evidence and courts are required to take judicial notice of his accession to office, official signature and seal.

The facts are stated in the opinion.

*Mr. Arturo Aponte, Jr.,* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

It is conceded that the only questions that were raised in these cases are whether the Supervisor of Elections is the proper officer to issue a certificate relating to the registry of the defendant, and whether the court could take judicial notice of his signature.

The information charged a violation of section 162 of the Penal Code inasmuch as defendant caused himself to be registered as an elector in Naguabo without the necessary period of residence there. The local deputy supervisor certified to the record of his name made by the defendant and the supervisor, under his signature, certified and identified the agent and the signature of the same. The objection was that the Executive Council was by law in charge of the elections and there was no law making the supervi-

sor the secretary or authorized official of that body. But a most casual consideration of the Election Law is sufficient to verify the fact that the Supervisor of Elections is specially authorized to conduct the elections under the direction of the Executive Council, and that all the lists and officials are under his supervision. Sections 13, 30, 31 and 32 of the Election Law, Compilation sections 805, 832 *et seq.*

Under section 30 the listing of electors; the reports of deputy agents; the names stricken out or added, all come into the hands of such supervisor for report to the council. It is true that in section 29 the deputy agents send their lists and reports to the Executive Council, but the other sections cited show that the Supervisor of Elections has the active charge of the lists and does all the secretarial and clerical work of the council in this regard. The actual final divisions are done by him and not by the Executive Council.

The second point is in effect that the Supervisor of Elections is not one of the principal officers of the Government of whom the court can take judicial notice.

Section 36 of the Law of Evidence provides:

"Courts shall take judicial notice of the following facts:

 *  *  *  *  *  *  *

"5. The accession to office and the official signatures and seals of office of the principal officers of government in the legislative, executive, and judicial departments of Porto Rico and of the United States."

We think it is plain that the Supervisor of Elections in a community where there is universal suffrage is one of the principal officers of government within the meaning of section 36. In California a tax collector was held to be such an officer. *Wetherbee* v. *Dunn,* 32 Cal. 166.

The judgment appealed from must be

               *Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.