(116 So. 348)

### DIXIE ICE CREAM CO. et al. v. BLACK-WELL et al.    (7 Div. 792.)

Supreme Court of Alabama.    March 29, 1928.

**1. Nuisance** ⬅3(2)—Discomforts necessarily incident to businesses essential to existence and progress of people must be endured without legal recourse.

Generally, home owners and occupants as well as all others must endure without legal recourse all petty annoyances and discomforts ordinarily incident to conduct of those trades and businesses which are usually part of municipal life and which are more or less essential to the existence and comfort and progress of the people.

**2. Nuisance** ⬅32—Bill to enjoin alleged nuisance resulting from soot, cinders, and smoke in conducting creamery held to present grounds for equitable relief.

Bill to enjoin alleged nuisance maintained by creamery, alleging that it uses soft, bituminous coal, causing clouds of smoke, soot, and cinders to flood properties of complainants, making table linen, window shades, curtains, etc., of complainants black, *held* to show conditions constituting an actionable nuisance, and to present grounds for equitable relief; it not being necessary to show that locality in question was strictly residential.

Appeal from Circuit Court, Calhoun County; R. B. Carr, Judge.

Bill in equity by Annie L. Blackwell and others against the Dixie Ice Cream Company and others. From a decree overruling a demurrer to the bill, respondents appeal. Affirmed.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Statement by Somerville, J.:

The bill of complaint is filed by three citizens of Anniston for the purpose of enjoining an alleged nuisance maintained and conducted by the respondent near by their several homes.

The bill shows substantially:

(1) That complainants own and occupy with their families, (one through a tenant family) their separate homes continuously fronting on the west side of Quintard avenue, and running back to an alley.

(2) That two of these residences are worth $10,000 each, and the third $6,000.

(3) That immediately south of the southernmost of these homes, across a narrow alley, the respondent "owns and operates a creamery, a milk depot, and an ice cream establishment, and as part of its business pasteurizes milk, and in the pasteurization of milk and in other matters connected with the running of the said creamery, the said company maintains a boiler and a furnace, in which it uses soft, bituminous coal, and from time to time in starting up and maintaining fires every day of the week, clouds of smoke, soot, and cinders are emitted from the smokestack, and when the wind is from the south or the southeast the properties of orators are flooded with smoke, soot, and cinders from the said furnaces and boilers, the table linen, the window shades and curtains, beds, and personal clothing of the occupants are made black from said smoke and cinders, and life is made generally disagreeable, and at times unbearable, because of the creation of the smoke, soot, and cinders from said furnaces and boilers."

(4) That a creamery has been in operation at this place for about nine years, with some smoke discomfort to these residences at times; but this nuisance has become much worse under a recent change of management.

(5) That complainants have from time to time complained to the creamery company and its managers of the said nuisance, and received promises of relief, which have not been carried out.

(6) That complainants are suffering irreparable damage because said nuisance has decreased, and will destroy, the selling and rental values of their said residences.

(7) "That the location of said creamery is not in a manufacturing district, is not off by itself so that the neighbors will not be smoked out, but is in a location where it could not be more disagreeable to the property owners and residents."

(8) That as a result of the operation of this creamery great numbers of flies are attracted and are ready to enter these homes as soon as their doors are opened.

A demurrer to the bill was overruled, and respondent appeals from that decree.

Knox, Acker, Sterne & Liles, of Anniston, for appellants.

Property owners have no right to complain of smoke from a business establishment maintained in a business section, unless the business is operated in a negligent or unreasonable manner. Harris v. Randolph Lbr. Co., 175 Ala. 148, 57 So. 453; First Ave. Coal Co. v. Johnson, 171 Ala. 470, 54 So. 598, 32 L. R. A. (N. S.) 522; McGill v. Pintsch Comp. Co., 140 Iowa, 429, 118 N. W. 786, 20 L. R. A. (N. S.) 466.

John D. Bibb and R. M. Woolf, both of Anniston, for appellees.

The fact that a place is a business locality does not justify an extraordinary use of property introducing a serious annoyance in addition to those arising from the ordinary uses of the property there; and, no matter how lawful a business may be in itself or how suitable the location, these things cannot avail to authorize the carrying on of a business in a way which directly, palpably, and substantially damages the property of another or causes unnecessary annoyance to persons in the vicinity. 29 Cyc. 1158; Ross v. Butler, 19 N. J. Eq. 294, 97 Am. Dec. 654; Hurlbut v. McKone, 55 Conn. 31, 10 A. 164, 3 Am. St. Rep. 17; Kyser v. Hertzler, 188 Ala. 658, 65 So. 967; Nat. Ref. Co. v. Batte, 135 Miss. 819, 100 So. 388, 35 A. L. R. 91; Bohan v. Port Jervis G. L. Co., 122 N. Y. 18, 25 N. E. 246, 9 L. R. A. 711; Higgins v. Bloch, 213 Ala. 209, 104 So. 429; Hundley v. Harrison, 123 Ala. 298, 26 So. 294; Rouse v. Martin, 75 Ala. 515, 51 Am. Rep. 463; Selma v. Jones, 202 Ala. 82, 79 So. 476, L. R. A. 1918F, 1020. The bill sufficiently avers that respondents' establishment is not located in a business or manufacturing district.

SOMERVILLE, J. Appellants' view of the bill of complaint is that it does not sufficiently show that respondents' conduct of their business, in the manner set forth, is an unlawful disturbance of these complainants in the use and enjoyment of their neighboring premises. More specifically, the objections to the bill are, that it does not show that respondents are making an unreasonable use of their creamery plant, and does not show that the locality is not a business district, or that it is a district where it is improper or illegal or unreasonable to operate such a business as alleged.

The conflict between the rights of home owners on the one hand, and of encroaching industry on the other, has existed immemorially in the course of municipal growth and change.

Cases similar to the one here presented have been frequently before the courts; and, while occasionally a court has undertaken to lay down very specific rules for their government and determination, the better view is that only general principles can be declared, and that each case must be determined upon its own facts in the light of those general principles. Rouse v. Martin, 75 Ala. 510, 51 Am. Rep. 463.

[1, 2] In general, home owners and oc-

cupants, as well as all others, must endure, without legal recourse, all of those petty annoyances and discomforts ordinarily and necessarily incident to the conduct of those trades and businesses which are usually a part of municipal life, and which are more or less essential to the existence and comfort and progress of the people. First Avenue, etc., Co. v. Johnson, 171 Ala. 470, 54 So. 598; Euler v. Sullivan, 75 Md. 616, 23 A. 845, 32 Am. St. Rep. 420, 422. But there are limits to this rule, and, as said in the well-considered case of Hundley v. Harrison, 123 Ala. 298, 26 So. 295:

"Any establishment erected on the premises of the owner, though for the purpose of trade or business lawful in itself, which, from the situation, the inherent qualities of the business, or the manner in which it is conducted, directly causes substantial injury to the property of another, or produces material annoyance and inconvenience to the occupants of adjacent dwellings, rendering them physically uncomfortable, is a nuisance. In applying this principle, it has been repeatedly held, that smoke, offensive odors, noise or vibrations, when of such degree or extent as to materially interfere with the ordinary comfort of human existence, will constitute a nuisance."

See, also, Kyser v. Hertzler, 188 Ala. 658, 65 So. 967 (where numerous cases are reviewed); Rouse v. Martin, 75 Ala. 510, 515, 51 Am. Rep. 463; English v. Progress E. L. & M. Co., 95 Ala. 259, 264, 265, 10 So. 134; Ross v. Butler, 19 N. J. Eq. 294, 97 Am. Dec. 654; King v. Vicksburg R. & L. Co., 88 Miss. 456, 42 So. 204, 7 L. R. A. (N. S.) 1036, 117 Am. St. Rep. 749.

In a case like this it is not necessary to show that the locality in question is strictly residental in its character and uses. Indeed, the authorities very generally hold that the conditions here shown, as to soot, cinders and smoke, would constitute an actionable nuisance even in a business district. Euler v. Sullivan, 75 Md. 616, 23 A. 845, 32 Am. St. Rep. 420, 424; 20 R. C. L. 443, § 58.

Our conclusion is that the objections to the bill are not well taken, and that the demurrers were properly overruled.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.