## KING et al. v. COLUMBIAN CARBON CO.

### No. 11417.

Circuit Court of Appeals, Fifth Circuit.

Dec. 19, 1945.

Rehearing Denied Jan. 18, 1946.

Ewing Werlein, of Houston, Tex., for appellants.

Austin Y. Bryan, Jr., and Ira P. Jones, Jr., both of Houston, Tex., for appellee.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

WALLER, Circuit Judge.

The lower Court dismissed the complaint wherein the Plaintiffs had alleged: That they were the owners of a tract of land a short distance from the carbon black manufacturing plant of the Defendant, in Harris County, Texas; that such plant was constructed at great expense and is engaged in the manufacture of a commodity necessary for the prosecution of the war (that was then being waged), as well as for civilian use; that this plant continuously emits large quantities of soot, carbon black, a greasy distillate, and other substances, which fall upon and damage the Plaintiffs' land; that the plant cannot be operated for any other purpose nor in any other manner; that the operation of the plant promotes the public welfare, but at the same time damages the land of these Plaintiffs; that the officers and agents of the Defendant knew at the time of the construction of its plant that it would discharge said substances upon, and seriously damage, the Plaintiffs' land, which for many years theretofore had been, and is still being, used for residential and farming purposes and the grazing of livestock; that the plant of the Defendant is in a locality that is not used generally for industrial purposes; that the operation of such plant is voluntary and intentional and constitutes a permanent and substantial invasion of, and interference with, the use and enjoyment of Plaintiffs' land; that although the plant constitutes a nuisance which is permanent in its nature, nevertheless, it is lawful and serves a useful purpose and, therefore, can neither be abated nor enjoined, wherefore Plaintiffs' remedy is restricted solely to the recovery of damages.

Appellants frankly concede that the business in question is a lawful enterprise engaged in the utilization of a natural product of the community in the manufacture of a useful and necessary commodity. Due to these facts and the further fact that it is not being negligently operated, they admit that an injunction will not lie to compel a cessation of the operation of the plant and an elimination of the consequent damages therefrom.

The lower Court thought that in the absence of an allegation of the negligent operation, or of the negligent construction, of the plant there could be no recovery and, for this reason, the complaint ought to be dismissed.

Counsel for the respective parties are in agreement that: the operation of the Defendant is lawful, fills a necessary public need, is not a nuisance per se, is without negligence, and that there is no known way for the Defendant to carry on its business without damaging the land of Appellants.

■ Before applying the law to the particular facts before us it might be helpful to consider a few well known general principles dealing with the subjects of nuisances and negligence and their relation to each other:

"A nuisance, broadly stated, is anything that works an injury, harm, or prejudice to an individual or the public. According to definitions formulated from numerous decisions, a nuisance will embrace everything that endangers life or health, offends the human senses, transgresses laws of decency, or obstructs, impairs, or destroys the reasonable, peaceful, and comfortable use of property. Personal and property rights are guaranteed by the organic and statutory law of the land, but liberty, not license, in the use of these rights is the heritage of the American citizen, and coupled with the protection and conservation of rights of person and property is the mandate, to so use them as to not trample upon, disregard or destroy the rights of others." Trueheart v. Parker, Tex.Civ.App., 257 S.W. 640.

At the common law a public nuisance was defined as "anything that worketh hurt, inconvenience, or damage to the subjects of the Crown."

■ A private nuisance is anything done to the hurt or annoyance of the lands, tenements, or hereditaments of another; that produces damages to but one or a few persons and cannot be said to be public. 2 Bouvier's Law Dictionary, Rawle's Third Revision, page 2379.

■ The terms "nuisance" and "negligence" are not synonymous. Liability for negligence is based on want of proper care while one who creates or maintains certain types of nuisances may be liable for re-

sulting injury regardless of the degree of care or skill exercised to avoid injury. The existence of a nuisance does not always depend upon the degree of care used but upon the degree of danger or damage existing even with the best of care. In the case of nuisances not created by negligence, ordinarily the question of care or want of care is not involved.

A nuisance may be, and often is, the consequence of negligence. Acts or omissions which constitute negligence may also give rise to a nuisance. See Olivas v. El Paso Elec. Co., Tex.Civ.App., 38 S.W.2d 165, and Olivas v. El Paso Elec. Co., Tex. Civ.App., 54 S.W.2d 154.

"As a general rule, proof of negligence is not essential to imposition of liability for the creation or maintenance of a nuisance. This is so although the nuisance complained of may be the consequence of negligence. A nuisance does not rest on the degree of care used, but on the degree of danger or annoyance existing even with the best of care. Consequently, if a nuisance exists, the fact that due care was exercised against its becoming a danger or annoyance is no excuse. However, where the act or condition in question can become a nuisance only by reason of the negligent manner in which it is performed or permitted, no right of recovery is shown independently of the existence of negligence." 31 Tex.Jur. § 11, p. 421.

See also Abilene & S. Ry. Co. v. Herman, Tex.Civ.App., 47 S.W.2d 915; 39 Am. Jur. § 24, p. 305.

A business which is lawful in itself may become a nuisance either because of the locality in which it is carried on or because it is conducted in an improper manner. 31 Tex.Jur. 424, § 13; 39 Am.Jur. 325, § 44.

In determining whether a business is a nuisance per accidens the fact that the business is a useful or necessary one or that it contributes to the welfare and prosperity of the community is not determinative, but when expensive plants have been erected and are used in carrying on a useful business adjacent property owners will not be permitted to maintain actions for every trifling annoyance which such business causes them. See City of Dallas v. Newberg, Tex.Civ.App., 116 S.W.2d 476. On the other hand the law does not allow one to be driven from his home or compelled to live in substantial danger or discomfort even though the danger or discomfort is caused by a lawful and useful business. 39 Am.Jur. 327, § 45.

In determining whether a thing or a business is a nuisance the location and surroundings are important and should be considered with other circumstances of the case. A business or industry otherwise lawful may be a nuisance because of the place where it is located or carried on, and although it is not in itself a nuisance, it may become such when it is located in a place forbidden by law or wholly uncongenial to its type of enterprise. "A nuisance may be a right thing in the wrong place, like a pig in the parlor instead of the barnyard." Justice Sutherland in Euclid, Ohio, v. Ambler Realty Co., 272 U.S. 365, 47 S.Ct. 114, 118, 71 L.Ed. 303, 54 A.L.R. 1016. See Gose v. Coryell, 59 Tex.Civ. App. 504, 126 S.W. 1164.

The Appellee contends, and the Court below thought, that under recent decisions of the courts of Texas no liability would follow for damages to the property of Plaintiffs caused by a lawful use of the property of the Defendant unless the Defendant had constructed or operated its plant in a negligent manner. The Appellee insists that the doctrine that the maintenance of a nuisance creates an absolute liability, as announced in the case of Fletcher v. Rylands, L. R. 1 Exch. 265, 1 Eng. Rul. Cas. 236, has been rejected in Texas except when an operation or business is a nuisance per se.

It is not necessary for us to consider nuisances per se because the business of the Defendant here was lawful and useful, and such a business will not be deemed a nuisance per se.

The sole question presented by this appeal is whether or not a landowner is without recourse for damages caused to his land by the non-negligent, purposeful, and permanent operation of a lawful business, which operation the owners knew when their plant was being constructed would continually damage the land of such owner.

Without doubt the Supreme Court of Texas has refused to follow the strict rule announced in Fletcher v. Rylands, supra, and has announced the rule, in cases where substances that are harmless and unobnoxious within themselves are stored or impounded upon one's land, no liability would follow for damages claimed for the escape, overflow, or seepage of such substances in

the absence of an allegation and proof of negligence in the storage, keeping, or impounding thereof. For instance, in the case of Turner v. Big Lake Oil Company, 128 Tex. 155, 96 S.W.2d 221, the Oil Company had constructed large earthen ponds or pools into which it pumped waste waters and waste materials such as salt water and oil-polluted water. Some of the materials in these ponds were alleged to have overflowed upon the grass lands of the Plaintiff and into certain water holes in a low area on the Plaintiff's land, thereby injuring Plaintiff's grass and cattle. The Court of Civil Appeals, as well as the Supreme Court of Texas, held that it was necessary in such a case for the Plaintiff to allege and prove negligence and that under such circumstances the Defendants would not be held as insurers.

A similar case to the same effect is that of Cosden Oil Company v. Sides, Tex. Civ.App., 35 S.W.2d 815, in which the Court of Civil Appeals of Texas again held that the oil company, in the absence of an allegation of negligence, would not be held liable for damages caused from oil and waste overflowing on Plaintiff's land.

In Gulf, C. & S. F. Ry. Co. v. Oakes, 94 Tex. 155, 58 S.W. 999, 52 L.R.A. 293, 86 Am.St.Rep. 835, the Supreme Court of Texas held that it was necessary for the Plaintiff to allege and prove negligence as a condition precedent to recovery where the Railroad Company was charged with committing a nuisance in setting out Bermuda grass on its own railroad embankment, which grass thereafter spread to the lands of the Plaintiff, causing damage.

The most recent case cited by the Appellee is Warren v. Premier Oil Refining Company of Texas, Tex.Civ.App., 173 S.W. 2d 287, wherein the Plaintiff alleged that the Defendant negligently allowed its pipe line to leak and cast oil upon the lands, and to injure the grass and stock, of the Plaintiff. The Court held that the operation of a pipe line was not a nuisance per se and reiterated its holdings in Turner v. Big Lake Oil Company, supra and Cosden Oil Company v. Sides, supra, to the effect that it was necessary to allege negligence in such cases. In other cases, involving operations by cities and towns, the Texas courts have held that a plaintiff must allege negligence, but since these cases involve nuisances created in the exercise of governmental or municipal powers whereby private interests are often subordinated

to the public welfare, we do not deem it profitable to analyze those cases here.

With the exception of some of the cases against municipalities, the cases relied upon by the Appellee deal with commodities or substances that of themselves, and in their intended place and purpose, are wholly inactive and innocuous. It is quite apparent that a person has the right to put salt water in a pond on his own land, or to store crude oil and water from his oil well in his own ponds, or to transmit oil through pipe lines under the ground on a right of way which he lawfully has secured, or to plant grass on his own land, since these substances, when so contained in the place provided on the land of their owner, could in no wise harm the property of another. Certainly one has a right to have a pond on his own land for the saving and storing of water or oil. These enterprises, when maintained as designed, are without prospect or purpose of interfering with, or of injuring, another. So long as the person who accumulates water or oil on his own land maintains a sufficient dam or pond, no damage therefrom can flow upon the land of his neighbor and such an enterprise cannot be classed as a nuisance. It could become a nuisance only by his neglect to take reasonable care to prevent it from escaping and damaging another. Should an unprecedented flood occur, or should a miscreant blow up or destroy his dam, with resultant injury to others, no damages would be cast against the owner in the absence of negligence on his part. So it is appropriate and essential that the plaintiff allege negligence in such cases, as the courts of Texas have held.

In the present case we are not dealing with a substance that is statical, such as water or oil in an earthen pool, which, if kept in such pool, will cause no injury. According to the allegations in the complaint, which must be accepted as true, the Defendant is continuously casting carbon, soot, and greasy distillate upon the Plaintiffs' lands, as it knew it would do when it constructed its plant. It knew then, as it knows now, that so long as it would continue its operations the soot and the grease, etc., would continue to fall, not by accident or mishap, but in conformity with knowledge that it had before the erection of the plant. Defendant should be presumed to have intended the natural, known, and reasonable consequences of its act.

Surely there is a difference between the responsibility of one whose impounded oil or water overflows contrary to his purpose and intent and the responsibility of one whose soot and oil fall upon the property of another in the continuous manner and fashion that he knew it would fall when he set up his operation.

This theory is not in conflict with the Texas decisions. For, in the case of Marvel Wells, Inc. v. Seelig, Tex.Civ.App., 115 S.W.2d 1011, 1014, the Defendant was held liable for causing fly ash, dust, cinders, and the like, occasioned by the ordinary and careful operation of its plant, to fall upon the houses, lots, barns, and grounds of the Appellee. No negligence was alleged, and the Court held such an allegation unnecessary, saying:

"* * * The facts so alleged, proved, and found by the jury constituted the operation of the water treating plant an actionable private nuisance without regard to any question of negligence or want of due care in the operation of the plant under the test or rule establishing such a nuisance announced in this and other jurisdictions. Burditt v. Swenson, 17 Tex. 489, 67 Am. Dec. 665; Burrows v. Texas & N. O. Ry. Co., Tex.Civ.App., 54 S.W.2d 1090; Gulf, C. & S. F. Ry. Co. v. Oakes, 94 Tex. 155, 58 S.W. 999, 52 L.R.A. 293, 86 Am.St.Rep. 835; Olivas v. El Paso Elec. Co., Tex.Civ. App., 38 S.W.2d 165; Gainesville, H. & W. Ry. Co. v. Hall, 78 Tex. 169, 14 S.W. 259, 9 L.R.A. 298, 22 Am.St.Rep. 42; Citizens' Planing Mill Co. v. Tunstall, Tex.Civ.App., 160 S.W. 424; 31 Tex.Jur. 420, 421, 429, and 430, §§ 10 and 11, and cases there cited; Dixie Ice Cream Co. v. Blackwell, 217 Ala. 330, 116 So. 348, 58 A.L.R. 1223. The contention of appellant that the facts alleged and proved did not constitute an actionable private nuisance, in absence of allegation and proof of negligence or want of due care in the construction or operation of the plant, is therefore not sustained."

In Cosden Oil Co. v. Sides, supra [35 S.W.2d 817], cited by Appellant, the Court said:

"* * * Where the things necessary to be done in the operation of a lawful business cause injury to others, the right to compensation where allowed is not dependent upon the existence of negligence.

"The true rule governing the distinction in cases where a recovery is allowed regardless of any question of negligence, and those where the right of recovery is dependent upon the existence of negligence, is well stated in Corpus Juris, vol. 46, p. 664, as follows: 'A distinction has been made between acts lawful in themselves done by one upon his own premises which may result in injury to another if not properly done or guarded, *and those which in the nature of things must so result;* in the former case, a person could only be made liable for actual negligence in the performance of the act or mode of maintaining it, while in the latter he would be liable for all consequences of his acts, whether guilty of negligence or not. * * *'" (Emphasis added.)

We think the case of Turner v. Big Lake Oil Company supra, on which the Appellee so fully relies, expressly excepted from the rule announced therein operations such as are present in the instant case, for in the Turner case [128 Tex. 155, 96 S.W.2d 226], the Court said:

"Other cases to which our attention has been directed are nuisance cases, where the undisputed facts showed an actionable nuisance. Nor need we discuss cases where injury was the necessary result of the operation of some business, regardless of care or a failure to use care."

It was evident that the Chief Justice intended to make it clear that the rule announced in the Turner case was not intended to cover situations where the injury was the necessary result of the operation regardless of the exercise of due care.

Our conclusion is that nuisances may exist without negligence and in such situations it, of course, is not requisite that negligence be alleged, but in all cases where negligence has created, or contributed to the creation of, the nuisance such negligence should be alleged.

"Sic utere tuo ut alienum non lædas" is a familiar maxim in the jurisprudence of Texas (Trueheart v. Parker, Tex.Civ.App., supra), which fine machinery, skillful operation, and industrial progress has not thrown into the discard. The property of an individual may not be damaged for *public* use without just compensation, and assuredly it may not be damaged for *private* use without such compensation. As a concession to industrial progress and social utility the law will not abate a useful and lawful enterprise even though it be a nuisance, but further than that the law

642

does not recede. It still requires payment for unwarranted, unreasonable, and substantial damage done to the property of another which is caused by the construction and operation, however skillful, of an industrial plant in a locality undevoted and unadapted thereto.

What is a reasonable use, or whether a particular use is a nuisance, cannot be determined by any fixed general rules but depends upon the facts of each particular case, such as location, character of the neighborhood, the nature of the use, extent and frequency of the injury, and the effect upon the enjoyment of life, health, and property of the plaintiff. 31 Tex.Jur. 424, § 13.

An application of the principles herein announced to the allegations of the complaint reveals that it was error for the lower Court to have sustained Defendant's motion to dismiss.

Reversed and remanded.