136 So.2d 923

**Coy O. BROWN et al.**

v.

**ALLIED STEEL PRODUCTS CORPORATION of Alabama.**

6 Div. 788.

Supreme Court of Alabama.

Jan. 18, 1962.

Chas. Tweedy, Jr., Jasper, John T. Batten, Montgomery, for appellants.

Curtis, Maddox & MacLaurin, Jasper, for appellee.

MERRILL, Justice.

Appellants filed a bill for injunction, alleging that appellee, Allied Steel Products Corporation, was operating its plant in such a way that the noise emitting therefrom constituted a nuisance. After a hearing,

the trial court denied the relief sought and dismissed the bill. This appeal followed.

■ The Industrial Development Board of Cordova was seeking industry for location in or near Cordova. As an inducement to appellee to locate a steel fabricating plant there, the Board purchased ten acres just outside the city limits for $5,000 and deeded it to appellee for the location of its plant. Appellee's chief business was the fabricating of steel tanks and cones and considerable hammering and noise was involved in the shaping and fitting of the tanks and cones.

The deed to the Board was signed by appellant Zula Miller. The other two appellants are Coy Brown and his wife Thelma, who is a sister of Mrs. Zula Miller.

When the Board deeded the property to appellee, Coy Brown was a member thereof, and he and his wife signed the deed to appellee. At Mrs. Zula Miller's insistence, the deed to appellee contained the following condition: "The above described premises are restricted to industrial use by industries which do not emit an excessive amount of foul noxious odors or smoke."

For about six months while the plant was being built, appellee operated its plant in a building in Cordova, about one-half a block from Coy Brown's store. The same type of work was done there as was later performed at the plant, and about the same number of employees were used as were being employed when the trial was had. The undisputed testimony was that the work in the city building was noisy and could be heard over the business section.

When the plant outside the city was completed and operations were started, there was no complaint from the Browns or the Millers about the noise until about eighteen months had passed. Then the appellants complained about the excessive noise and on December 10, 1958, filed their bill praying that the operation of the plant be declared a nuisance and that appellee be restrained and enjoined "from creating noises which materially interfere with the use of the complainants' property as a home place by them and award to the complainants damages they have already suffered."

The plant was located on land which was separated from the land of appellants by a highway and the Frisco Railroad right of way, over which some twenty trains ran every day, as the Illinois Central ran its trains over that part of the Frisco tracks.

The trial court heard the witnesses in January and April, 1958, but deferred a ruling until appellee had an opportunity to abate excess noise and use such means as possible to "reduce the alleged nuisance." In August, 1960, appellants again complained and the court called upon appellee for a report of progress made on the abatement of the noise.

Appellee reported that it ceased operations in July, 1958, but shortly before making the report it had resumed operations; that it had sufficient orders to operate two eight hour shifts, but in order to cooperate with complainants it was operating only one shift from 7:00 A.M. to 3:30 P.M. and had applied silencers to all equipment where feasible.

After another hearing, the court rendered a decree on May 26, 1961, denying the injunction and dismissing the bill. The court also made the following separate "FINDING OF FACT AND OPINION:"

"This case has been pending in the court since December 10, 1956, and the court has made many efforts to bring about some agreement whereby the noise on which the bill of complaint is based might be abated or some barrier erected which would render the noise less offensive to the complainants.

"Respondents take the position that the construction of the type of barrier which would give relief to the complainants would be prohibitive in cost in relation to the business conducted by the respondents.

"The court is of the opinion and finds that the complainants are disturbed by the noise from the respondent's plant; but is of the opinion that the respondents are not entitled to the relief prayed for in the bill of complaint for and on account of the following:

"1. Each of the complainants in this case, either through direct sale of the property or as members of the Cordova Industrial Development Board, conveyed the property to the respondent for industrial purposes, the only limitation being that the property was limited to industrial use by industry which would not emit an excessive amount of foul, noxious odors or smoke. There is some evidence of an agreement by the President of the respondent company that there would not be excessive noise, but the court does not feel that the alleged agreement would be sufficient on which to grant an injunction, the property having been purchased for industrial purposes, which of necessity require the use of tools and certain amount of noise.

"2. The plant site is located outside the city limits of Cordova, there is no regulation or zoning ordinance relative to industrial plants or residential districts. It is in open country, far removed from the business section of the town, and to require a manufacturing plant to so isolate itself that the noise could not disturb any individual resident of a community would make operation virtually impossible. The court is of the opinion that to grant the relief prayed for in this case would be in effect taking the property of the respondent without due process of law, as it would mean closing the business and a substantial loss to the respondent.

"3. The complainants not only conveyed the land on which respondent's plant is located, but they made no complaint during the time of construction and sought no relief by injunction until more than a year after the plant had been in full operation.

"The Court is of the opinion that any decree granting relief by injunction as prayed for by the complainants would not be sustained by the Alabama Appellate Court."

The assignments of error, including one that the court erred in overruling the so-called motion for a new trial, raise the points that the decree is not sustained by the great preponderance of the evidence, and that it is contrary to the law and the evidence.

In Dixie Ice Cream Co. v. Blackwell, 217 Ala. 330, 116 So. 348, 58 A.L.R. 1223, we said:

"The conflict between the rights of home owners on the one hand, and of encroaching industry on the other, has existed immemorially in the course of municipal growth and change.

"Cases similar to the one here presented have been frequently before the courts; and, while occasionally a court has undertaken to lay down very specific rules for their government and determination, the better view is that only general principles can be declared, and that each case must be determined upon its own facts in the light of those general principles. Rouse v. Martin, 75 Ala. 510, 51 Am.Rep. 463.

"In general, home owners and occupants, as well as all others, must endure, without legal recourse, all of those petty annoyances and discomforts ordinarily and necessarily incident to the conduct of those trades and businesses which are usually a part of municipal life, and which are more or less essential to the existence and comfort and progress of the people. First Avenue, etc., Co. v. Johnson, 171 Ala. 470, 54 So. 598, [32 L.R.A.,N.S, 522]; Euler v. Sullivan, 75 Md. 616, 23 A. 845,

32 Am.St.Rep. 420, 422. But there are limits to this rule, and, as said in the well-considered case of Hundley v. Harrison, 123 Ala. 298, 26 So. [294] 295:

" 'Any establishment erected on the premises of the owner, though for the purpose of trade or business lawful in itself, which, from the situation, the inherent qualities of the business, or the manner in which it is conducted, directly causes substantial injury to the property of another, or produces material annoyance and inconvenience to the occupants of adjacent dwellings, rendering them physically uncomfortable, is a nuisance. In applying this principle, it has been repeatedly held, that smoke, offensive odors, noise or vibrations, when of such degree or extent as to materially interfere with the ordinary comfort of human existence, will constitute a nuisance.' "

■ Appellants argue that since the court found that "complainants are disturbed by the noise," they should not be left without a remedy. But they overlook the fact that our courts follow the "comparative injury doctrine" in injunction cases. This is explained in Pritchett v. Wade, 261 Ala. 156, 73 So.2d 533, where we upheld the action of the trial court in denying relief where complainant sought to enjoin respondents from depositing waste materials upon his land and from erecting a muck pond thereon as a part of a mining operation. This court said:

"There is another pertinent principle which recognizes the discretionary authority resting with a court of equity in granting or refusing injunctive relief in cases of this kind. As stated in Martin Bldg. Co. v. Imperial Laundry Co., 220 Ala. 90, 92, 124 So. 82–84:

" 'In this jurisdiction we recognize, in cases seeking injunctive relief, the "comparative injury doctrine," not universally accepted. Brede v. Minnesota, etc., Stone Co., 143 Minn. 374, 173 N. W. 805, 6 A.L.R. 1092. As said by this court in Clifton Iron Co. v. Dye, 87 Ala. 468, 6 So. 192: "But it is not every case of nuisance, or continuing trespass, which a court of equity will restrain by injunction. In determining this question, the court should weigh the injury that may accrue to the one or the other party, and also to the public, by granting or refusing the injunction.' "

"See, also, Montgomery Limestone Co. v. Bearden, 256 Ala. 269, 271, 272, 54 So.2d 571; Elmore v. Ingalls, 245 Ala. 481, 17 So.2d 674.

"In the light of the foregoing authorities we are unwilling to say that the trial court abused its discretion in denying injunctive relief."

We reach the same conclusion in the instant case.

Appellants argue that Tit. 7, § 1088, Code 1940, which provides that no manufacturing plant shall become a nuisance by any changed conditions in the locality, after the same has been in operation for more than one year, does not apply and that the trial court erred in so finding in paragraph 3 of the opinion.

We do not interpret the opinion of the trial court as applying the statute. We think it is merely one of the reasons for the application by him of the comparative injury doctrine.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.