103 So.2d 783

**HUNTER–BENN COMPANY, Inc.**

**v.**

**Albert E. NELSON.**

**1 Div. 769.**

Supreme Court of Alabama.

June 5, 1958.

C. B. Arendall, Jr., Edmund R. Cannon, Jr. (of Hand, Arendall, Bedsole, Greaves & Johnston), Mobile, for appellant.

Moore & Simon, Mobile, for appellee.

PER CURIAM.

This is an appeal by respondent from a decree in equity overruling its demurrer to an amended bill which seeks an abatement of a nuisance which is a private nuisance according to the description in the bill.

The business sought to be enjoined is the operation of a sawmill. A private nuisance is one limited in its injurious effects to one or a few individuals. The circumstances which determine whether it is a private or a public nuisance, or whether it is a nuisance at all, are and must be alleged in the bill. See Title 7, section 1084, Code. We have a series of statutes which define and illustrate nuisances and the remedy for their abatement. Title 7, sections 1081–1090, Code.

The sufficiency of the bill in this suit is tested by demurrer, and comes here from a decree overruling the demurrer to the bill as amended. This bill was filed and prosecuted by an individual claiming that the respondent is operating a private nuisance. So the question here for determination is whether the allegations of the bill are sufficient for that purpose.

The substance of the allegations is that respondent operates a sawmill on Cody Road in the City and County of Mobile, which was constructed "just prior to the annexation of said location to the City of Mobile on to wit June 2, 1956; that "complainant resides in his own home on Tulsa Drive, the first street east of and running parallel to said Cody Road, which home your complainant built five years ago (1952) and in which he has been residing always since then with his family"; that "respondent, upon completion of construction of said sawmill, commenced operations and in conjunction with its operations constructed a large pipe running out from the mill to an area just behind the plant and very close to the homes of your complainant and his neighbors, to wit, approximately 300 to 500 feet distant, through which pipe respondent exhausts waste material, shavings and sawdust from his sawmill operations, depositing these materials in a large heap or pile just behind the plant as aforesaid". Then follows the fifth paragraph of the amended, as follows:

"That respondent disposes of said waste by burning same in violation of the laws and ordinances of the City of Mobile, to wit; Chapter 36, sections 36–58 of the Code of Mobile, 1955, which reads as follows:

" 'The emission or discharge into the open air of dense smoke in such manner or in such quantities as to cause damage to the property, real or personal, or any person or as to be detrimental to the health or materially interfere with the comfort of persons within the city or its police jurisdiction

**474**

is hereby prohibited and made unlawful. (Code 1947, section 1274).' thus creates and dispells great qua*l*tities of dense smoke, sparks and ashes and noxious gases and fumes which rise day and night from the large waste fire, and blow over, in, through and upon the homes of your complainant and his neighbors, coming all through their houses and all about their yards and premises, thus constituting a continuing nuisance to your complainant and his said neighbors, causing them continuing damage to their properties, both real and personal, and constituting a detriment and health hazard to them and their children, as well as being a constant source of discomfort and annoyance to them."

The foregoing constitute all the allegations material to the questions argued and submitted on this appeal.

We have had many cases in equity to enjoin nuisances, and some of them have application here. We cite a few of the cases which describe conditions and analyze the law applicable to situations somewhat similar to those here shown. Stone Container Corp. v. Stapler, 263 Ala. 524, 83 So.2d 283; McClung v. Louisville & Nashville R. Co., 255 Ala. 302, 51 So.2d 371, and cases there cited; National Southern Products Corp. v. City of Tuscaloosa, 246 Ala. 316, 20 So.2d 329, and cases there cited; Beam v. Birmingham Slag Co. 243 Ala. 313, 10 So.2d 162; Martin Building Co. v. Imperial Laundry Co., 220 Ala. 90, 124 So. 82.

However, it is our view that the bill as amended gives sufficient detail to make a case by a private citizen to abate a private nuisance, and it has no other standing as defined by our statute. Title 7, section 1084, Code. The demurrer was properly overruled and the decree should be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice ·of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, SIMPSON and MERRILL, JJ., concur.