BEATTY, Justice.
The City of Montgomery, a municipal corporation, filed numerous actions against Charles S. Conley, owner of nineteen duplex housing units, seeking to enforce its uniform minimum housing code and to have each of the duplex units enjoined as a public nuisance. The actions, originally filed separately but consolidated for trial, were brought pursuant to Code of 1975, §§ 6-5-122, 11-47-117, -118, which provide that any municipality of this state may commence an action seeking to abate or enjoin any public nuisance injurious to the health, morals, comfort or welfare of the community or any portion thereof. After receiving evidence ore tenus, the trial court found that each of the units is a public nuisance and ordered defendant Conley to remove the nuisances by bringing the properties into compliance with the minimum housing code requirements within a reasonable timetable established by the court or suffer the removal or razing of the structures by plaintiff. All costs, including but not limited to abstract fees, attorneys’ fees, court costs and the cost of removing the nuisances if they are removed by plaintiff, were charged against defendant. Defendant appeals. We affirm.
Defendant contends that the order of the trial court was contrary to the great weight of the evidence. The order was based upon the following findings made by the trial court:
“The Court finds that each of the subject properties remain, in varying degrees, public nuisances and further finds that the City of Montgomery, Alabama, a Municipal Corporation, has legal authority to enjoin and abate such public nuisances.
“The Court finds from the evidence that the Plaintiff has pursued the abatement of the public nuisance condition of the subject properties for several years *60 and more specifically has attempted to require the present property owner, Defendant Charles S. Conley, to remove or correct the public nuisance condition existing on each of the subject properties since 1978.
“The Court finds from the evidence that the Plaintiff has made reasonable requests of the property owner, Conley, to remove the public nuisance conditions existing on the subject properties and has established reasonable timetables for the removal or correction of the public nuisance conditions existing thereon. The Court further finds, however, that the Defendant property owner, Conley, has failed, after notice, to comply with these timetables to bring the subject properties above public nuisance standards.
“The Court finds from the evidence that the Plaintiff has not discriminated against either the subject properties or the owner of the subject properties in its application and enforcement of Sections 6-5-122 and 11-47-117 thru -118, Code of Alabama, 1975. While the evidence in these subject cases clearly demonstrates lack of discrimination by the Plaintiff, the Court, being familiar with numerous other proceedings, brought by the Plaintiff to abate public nuisances, takes judicial knowledge of the standard procedures employed by the Plaintiff and finds that these procedures were employed by the Plaintiff with regard to the subject properties and as concerns the subject property owner.”
When, as here, the trial court has heard testimony ore terms, a presumption exists as to the correctness of its findings of fact. Rush v. Atomic Electric Co., Ala., 384 So.2d 1067 (1980). We find that the trial court’s judgment was amply supported by the evidence. The Director of the Housing Code Enforcement Division of the City of Montgomery, who conducted frequent inspections of the subject properties, testified that, in his opinion, the duplexes were “almost unfit for human habitation.” The record also reveals that complaints were received by the city from tenants and neighbors, as well as from a member of the city council, about the condition of the duplexes.
Defendant claims that the order of the trial court reveals bias and prejudice against him by imposing an unreasonable timetable for the making of repairs as a condition to avoiding the destruction of his property. We respectfully disagree. The record discloses that defendant was aware, at the time he purchased the duplex units, that many of them did not comply with the minimum housing code requirements. Furthermore, defendant did not offer alternative time schedules for making the repairs. We held in National Southern Products Corp. v. City of Tuscaloosa, 246 Ala. 316, 20 So.2d 329 (1944), that the burden rests upon the property owner to bring forward matters showing that abatement of the public nuisance could be accomplished by less drastic means than requested by the municipality. Defendant here did not meet that burden.
Defendant raises other issues which he claims present constitutional questions. The record fails to disclose that such questions were presented to the court below; therefore, we cannot address them. Cooper v. Green, Ala., 359 So.2d 377 (1978). The judgment must be, and is, affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, JONES and SHORES, JJ., concur.