PER CURIAM.
After carefully considering the record of trial and the briefs of the respective parties, we are constrained to remand this cause for further proceedings. Because of significant constitutional implications incident to the trial court’s order requiring Defendants to remove or destroy all buildings and improvements located on their property, in the abundance of caution,[1] we direct the trial court to hold a due process hearing and, after reconsideration, report its findings and final decree to this Court within 90 days from the date of this order of remand.[2]
*397 The trial court’s findings of fact, shall include a detailed description of the current condition of each building or other improvement located on Defendants’ property; which buildings, if any, constitute a public nuisance, and the nature and extent of such nuisance; which buildings, if any, are susceptible to repair so as to alleviate the condition constituting the nuisance; a statement of a reasonable length of time required for making such repairs; and the extent, if any, to which Defendants have already acted to eliminate the nuisance condition.
For the trial court’s guidance in applying its conclusions of law to its findings of fact, we direct the court’s attention to the following language from Groff v. Borough of Sellersville, 12 Pa.Cmwlth. 315,. 314 A.2d 328 (1974):
“When it is determined that a public nuisance in fact exists, the courts should not devise a remedy harsher than the minimum necessary to properly abate such nuisance. [Citations omitted.] The lower court here found that Groff’s building was repairable, and it should not have subsequently ordered the building demolished without making a further determination that Groff could not or would not abate the nuisance through repairs.” 12 Pa.Cmwlth. at 321, 314 A.2d at 332.
See, also, Martin Building Co. v. Imperial Laundry Co., 220 Ala. 90, 124 So. 82 (1929), in which the Court stated:
“It is the rule of the courts that the remedy awarded ‘reaches no further than the necessity of the case demands.’ ” 220 Ala. at 93, 124 So. at 85.
REMANDED WITH INSTRUCTIONS.
TORBERT, C.J., and MADDOX, JONES, SHORES and ADAMS, JJ., concur.

. We adopt the following observation from West v. City of Borger, 309 S.W.2d 250 (Tex.Civ.App.1958):
"We are in complete sympathy with the [municipality] in [its] efforts to improve the quality of the buildings within [its] fire zone but we believe any court should take a long look at any procedure that deprives a person of his property without compensation.” 309 S.W.2d at 252.

. This time limit, of course, is subject to any further extensions, on motion of either of the parties or on the trial court’s own motion, which the trial court deems appropriate for compliance with this order.